ADAM P. KOHSWEENEY (S.B. #229983)
akohsweeney@omm.com
SUSANNAH K. HOWARD (S.B. #291326)
showard@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

Attorneys for Defendants
Hotel Nikko of San Francisco, Inc., Hotel Nikko
(U.S.A.), Inc., and Datam S.F., LLC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HOTEL NIKKO OF SAN FRANCISCO, INC.; HOTEL NIKKO (U.S.A.), INC.; DATAM S.F., LLC; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 3:15-cv-00137 MEJ<br><br>**STIPULATION FOR DISMISSAL OF ACTION WITH PREJUDICE AND [PROPOSED] ORDER RE: ENFORCEMENT OF SETTLEMENT**<br><br>Judge: Hon. Maria-Elena James |

## INTRODUCTION

1.　On January 9, 2015, Plaintiff CONNIE ARNOLD ("Plaintiff") filed the Complaint in the above-captioned action (the "Action") against Defendants Hotel Nikko of San Francisco, Inc.; Hotel Nikko (U.S.A.), Inc.; Datam S.F., LLC; and DOES 1 through 10 ("Defendants"). Plaintiff alleged that Defendants, owners and operators of the Hotel Nikko at 222 Mason Street in San Francisco (the "Hotel"), failed to maintain their facilities in a manner that was accessible to Plaintiff, who allegedly requires a wheelchair for mobility. Pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, Plaintiff sought an injunction from this Court ordering Defendants to alter the hotel facilities to make them accessible, to modify their policies to provide people with disabilities full and equal access to their services, and to prohibit operation of Defendants' hotel until they provide full and equal access to physically

disabled persons. Plaintiff also sought monetary relief for violations of her civil rights pursuant to the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*, as well as special and consequential damages. Finally, Plaintiff sought an award of attorneys' fees and costs pursuant to Title III of the ADA § 12205, California Civil Code §§ 52 and 55, and California Code of Civil Procedure § 1021.5.

2. Defendants deny any wrongdoing and each of Plaintiff's allegations and contentions, including all allegations related to the claimed denial of full and complete enjoyment of and access to the Hotel and its services. Defendants affirmatively assert that the Hotel values its disabled patrons and provides full access to its services, facilities, and amenities to such guests, in full compliance with all applicable access guidelines. Defendants dispute that any injunctive relief is mandated by the provisions of the ADA, the California Civil Code, and/or the California Health & Safety Code, and further dispute the validity of Plaintiff's claims, her standing to sue, and her alleged damages and/or injuries.

3. Nonetheless, as a way to avoid further litigation and uncertainty, Plaintiff and Defendant (together, "the Parties") hereby enter into this Stipulation for Dismissal of Action with Prejudice (this "Stipulation") for the purpose of resolving this lawsuit without the need for further litigation.

## JURISDICTION AND VENUE

4. The Parties to this Stipulation agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the ADA, and pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, for alleged violations of the Unruh Civil Rights Act.

5. The Parties agree that venue is proper in this court pursuant to 28 U.S.C. § 1391(b), as the real property which is the subject of the Action is located in the Northern District of California and the Plaintiff's causes of action arose in the Northern District of California.

## DISMISSAL OF ACTION WITH PREJUDICE

6. In consideration of the covenants undertaken herein by Defendants, including, without limitation, the undertakings in Paragraphs 8 and 9 of this Stipulation, and for other

valuable consideration, receipt of which is hereby acknowledged, Plaintiff covenants and agrees, by and through her counsel, that the Action will be dismissed with prejudice.

## SETTLEMENT OF INJUNCTIVE RELIEF

7. This Stipulation shall be a full, complete, and final disposition and settlement of all Plaintiff's claims against Defendants, including by way of example but not of limitation, all claims for injunctive relief, damages, attorneys' fees, expenses, and costs that have arisen out of the subject Complaint and Action.

8. Defendants will perform the construction work described in Attachment A, and in the time set forth in Attachment A, assuming that the subject property that is currently the Hotel remains a public accommodation as defined by the ADA at such times. The Parties agree and stipulate that all construction performed pursuant to this Stipulation will be performed in compliance with the applicable standards, codes, and regulations for disabled access, unless other standards are specifically set forth in this Stipulation and/or this Court's accompanying Order. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within fifteen (15) business days of discovering the delay. Plaintiff will have thirty (30) calendar days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within an additional fifteen (15) business days of Plaintiff's response, Plaintiff may seek enforcement by the Court. In the event of an alleged breach of this Stipulation, fee-shifting and/or cost-shifting will be available to the parties to the same extent that it would have been available for the same type of claim in the absence of the Stipulation (by way of example, but not of limitation, if the Plaintiff claims that Defendants fail to fully correct Item D.4 on Attachment A, she would be able to seek fee-shifting and/or cost-shifting to the same extent as allowed by law in a case alleging a non-compliant folding seat). Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than one hundred and twenty (120) calendar days from the entry of this Stipulation. Plaintiff

or her representative shall have an opportunity to inspect the corrective work after completion upon thirty (30) calendar days' written notice sent to counsel for Defendants. The Parties had originally agreed to two other items of injunctive relief – a handrail on the sidewall in the arcade along Mason Street, and rebuilding the Mason Street ramp with a slope not to exceed 8.33% – but in light of other construction being done outside of this Settlement to make the O'Farrell Street entrance accessible to pedestrians, the Parties have agreed that these items need not be done, as the primary accessible entrance for pedestrians will be on O'Farrell Street and the primary accessible entrance for individuals in vehicles will be on Mason Street. Consistent with this intent, Defendants shall install signage at the Mason Street entrance directing disabled pedestrians to the O'Farrell Street entrance.

## SETTLEMENT OF DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS

9. The Parties have also reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs. Defendants shall pay to Plaintiff a total of twenty-one thousand U.S. dollars and no cents ($21,000.00). This figure is inclusive of all statutory damages, penalties, damages for physical injury, attorneys' fees, litigation expenses, and costs, as well as any other claims whatsoever that Plaintiff may hold or allegedly hold against Defendants. The settlement sum shall be made by a single check, made out to "Metz & Harrison Client Trust Account." Payment of all amounts described in this paragraph are to be made within fifteen (15) calendar days of the date this Court enters the Order approving this Stipulation, and will be delivered to Metz & Harrison, LLP, 139 Richmond Street, El Segundo, CA 90245.

## PLAINTIFF'S RELEASE AND WAIVER OF CIVIL CODE SECTION 1452

10. Except for those obligations created by or arising out of this Stipulation, in consideration of the covenants undertaken herein by Defendants, including, without limitation, Defendants' undertakings in Paragraphs 8 and 9 of this Stipulation, and for other valuable consideration, receipt of which is hereby acknowledged, Plaintiff hereby releases, discharges, and covenants not to sue Hotel Nikko of San Francisco, Inc., Hotel Nikko (U.S.A.), Inc., and Datam S.F., LLC, including its and their predecessors, successors, affiliates, parents, subsidiaries, related

1   companies, employees, agents, shareholders, officers, directors, attorneys, insurers, and any other
2   entity that could be jointly liable with them (individually and collectively, "the Hotel Releasees")
3   from and with respect to any and all actions, causes of action, suits, liabilities, claims, and
4   demands whatsoever, and each of them, whether known or unknown, from the beginning of time
5   to the date of this Stipulation. The Parties intend Plaintiff's release to be general and
6   comprehensive in nature and to release all claims and potential claims against the Hotel Releasees
7   to the maximum extent permitted at law. Claims being released include specifically, by way of
8   description, but not by way of limitation, any and all claims arising out of or in any way related
9   to: (i) any interactions between Plaintiff and the Hotel Releasees; (ii) any allegation that was
10  raised or could have been raised in the Complaint and/or in the Action; (iii) any allegation that
11  arises out of or is in any way directly or indirectly related to any of the transactions, occurrences,
12  acts, or omissions which happened, or which are alleged to have happened, in connection with the
13  Plaintiff's stay at the Hotel, as well as any transactions, occurrences, acts, or omissions which
14  happened, or which are alleged to have happened, as a direct or indirect result of said stay; (iv)
15  any constitution, treaty, federal law, state law, local law or ordinance, or common law principle
16  governing or pertaining to the allegations set forth in the Complaint, including but not limited to
17  the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, the Unruh Civil Rights
18  Act, Cal. Civ. Code § 51 *et seq.*, California Civil Code §§ 52 and 55, California Code of Civil
19  Procedure § 1021.5, California tort law, California contract law, the California Civil Code, the
20  California Code of Civil Procedure, and/or any other California statute; (v) any other constitution,
21  statute, law, or ordinance whatever the city, county, state, or country of enactment; (vi) any
22  transactions, occurrences, acts, statements, disclosures, or omissions occurring prior to the date of
23  this Stipulation; (vii) any claims for physical injury and/or emotional injury and/or distress; and
24  (viii) by way of further description, but not by way of limitation, any and all claims arising out of
25  or in any way related to claims for attorneys' fees, attorneys' costs/expenses, indemnification,
26  fines, penalties, damages, costs, expenses, interest, restitution, liquidated damages, punitive
27  damages, declaratory relief, and/or injunctive relief allegedly due and owing, whether based on
28

1 treatise, permit, statute, lease, contract, ordinance, and/or common law; <u>provided</u>, <u>however</u>, that
2 this Stipulation is not intended to nor does it release or waive any claim which is unwaivable
3 and/or unreleasable as a matter of law; and <u>provided</u>, <u>further</u>, that, with regard to entities other
4 than the named defendants, this Stipulation is not intended to release or waive any claim that is
5 not related, directly or indirectly, to Plaintiff's stay or stays with, and interactions with, the Hotel
6 (the "Released Claims"). Plaintiff acknowledges that she may hereafter discover claims or facts in
7 addition to or different from those which she now knows or believes to exist with respect to the
8 subject matter of this Stipulation and/or the Complaint which, if known or suspected at the time
9 of executing this Stipulation, may have materially affected this release. Nevertheless, Plaintiff
10 hereby waives any right, claim, or cause of action that might arise as a result of such different or
11 additional claims or facts.

12  11.  The Parties acknowledge and represent that it is their intention in executing this
Stipulation that it should be effective as a bar to each and every claim and cause of action listed in
Paragraph 10 of this Stipulation. In furtherance of this intention, Plaintiff hereby expressly waives
any and all rights and benefits, if any, conferred upon her by the provisions of SECTION 1542
OF THE CALIFORNIA CIVIL CODE, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Thus, the parties desire and intend that this Stipulation shall be given full force and effect according to each and all of its express terms and provisions, including those relating to unknown and unsuspected claims, if any, as well as those relating to the claims referred to above.

## MISCELLANEOUS PROVISIONS

12. Except as expressly provided for in Paragraph 8 of this Stipulation, Plaintiff agrees not to make a separate claim for attorney's fees, litigation expenses, or costs incurred in connection with the Action as such claims are already incorporated into the undertakings

described by Paragraphs 8 and 9 of this Stipulation, and precluded by Paragraphs 10 and 11 of this Stipulation. The Parties understand and acknowledge that, except as stated expressly herein, each shall bear their own legal expenses and costs incurred in connection with prosecuting or defending against the Action and any of the Released Claims, and neither party shall seek reimbursement thereof from any other party to this Stipulation.

13. This Stipulation may be pled as a full-and-complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted or attempted in breach of this Stipulation.

14. Plaintiff recognizes and agrees that the Defendants have made no representations about the tax consequences (if any) of this Stipulation, that Plaintiff is responsible for paying any taxes owed by Plaintiff to relevant taxing authorities for the payment pursuant to Paragraph 9 of this Stipulation, and that Defendants have not proffered any tax advice in connection with this Stipulation.

15. Plaintiff represents and warrants that she has not filed any complaints, charges, lawsuits, or other legal actions with any court, agency, or other forum relating to the Released Claims. Plaintiff further represents and warrants that she has not assigned or transferred to any person not a party to this Stipulation any released matter. Plaintiff represents and warrants that, other than the Action, she is unaware of any judicial, administrative, or other proceeding which could implicate the Released Claims.

16. The Parties acknowledge that, in executing this Stipulation, they are acting on their own, independent judgment informed by legal counsel. Defendants and Plaintiff acknowledge having read this Stipulation, having taken equal part in drafting and negotiating it, and having been advised by attorneys of their choosing as to its meaning and effect. The Parties acknowledge and warrant that execution of this Stipulation is free and voluntary, and that the Stipulation should not be construed more strictly against one party than another on the basis that one party was responsible for drafting it.

17. The Parties acknowledge that this Stipulation contains and constitutes the entire

1  agreement between them with respect to the Released Claims, and supersedes any previous
2  agreements or understandings between them regarding the subject matter herein. The terms of this
3  Stipulation are contractual and not a mere recital. The Parties acknowledge that neither has made
4  representations, express or implied, to induce the other to enter into this Stipulation, other than as
5  expressly set forth herein. This Stipulation may not be modified except by a written document
6  that expressly states an intent to modify this Stipulation and is signed by the party against whom
7  enforcement is sought and approved by this Court

8      18.    No aspect of this Stipulation or the settlement which led to it is intended to be nor
9  at any time shall be construed, deemed, or treated in any respect as an admission by Defendants
10 of liability for any purpose. It is expressly understood and agreed by the Parties that this
11 Stipulation does not constitute an admission of the truth or accuracy of any of the allegations
12 made in the Action or of the validity of any or all of the Released Claims, and that Defendants
13 expressly deny the allegations made in the Action, as more fully set forth in the answer and/or
14 other responsive pleadings on file in the Action.

15     19.    This Stipulation shall be binding on Plaintiff, Defendants, and any successors-in-
16 interest.

17     20.    This Court shall retain jurisdiction of this Action for a period of eighteen (18)
18 months after the date of entry of the order approving this Stipulation, or until the construction
19 work contemplated by this Stipulation is completed, whichever occurs later.

20     21.    If any term of this Stipulation is determined by any court to be unenforceable, the
21 other terms of this Stipulation shall nonetheless remain in full force and effect; provided,
22 however, that Paragraphs 10 and 11 are essential terms and if they cannot be enforced the entire
23 Stipulation will be rescinded and will be without force or effect.

24     22.    Signatories on the behalf of the Parties represent that they are authorized to bind
25 the Parties to this Stipulation.  This Stipulation may be signed in counterparts and a facsimile
26 signature shall have the same force and effect as an original signature.

27

28

| | | |
|---|---|---|
| 1 | Dated: July 31, 2016 | PLAINTIFF CONNIE ARNOLD |
| 2 | | */s/ Connie Arnold* |
| 3 | | CONNIE ARNOLD |

Dated: July ___, 2016    DEFENDANT HOTEL NIKKO OF SAN FRANCISCO, INC.

By: _____

Print name: _____

Title: _____

Dated: July ___, 2016    DEFENDANT HOTEL NIKKO (U.S.A.), INC.

By: _____

Print name: _____

Title: _____

Dated: July ___, 2016    DEFENDANT DATAM S.F., LLC

By: _____

Print name: _____

Title: _____

**APPROVED AS TO CONTENT AND FORM:**

Dated: July 31, 2016    METZ & HARRISON, LLP

By: _____
Jeff A. Harrison
Attorney for Plaintiff
CONNIE ARNOLD

Dated: July ___, 2016    O'MELVENY & MYERS LLP

By: _____

- 9 -

STIPULATION FOR DISMISSAL OF ACTION WITH PREJUDICE AND [PROPOSED] ORDER RE: 3:15-CV-00137 MEJ

| | | |
|---|---|---|
| 1 | Dated: July ___, 2016 | PLAINTIFF CONNIE ARNOLD |

_____
CONNIE ARNOLD

Dated: July 28, 2016        DEFENDANT HOTEL NIKKO OF SAN FRANCISCO, INC.

By: _____

Print name: Vincent Rafanan

Title: Chief Financial Officer

Dated: July 23, 2016        DEFENDANT HOTEL NIKKO (U.S.A.), INC.

By: _____

Print name: Vincent Rafanan

Title: Chief Financial Officer

Dated: July 27, 2016        DEFENDANT DATAM S.F., LLC

By: _____

Print name: Yuji Janaki

Title: Director

**APPROVED AS TO CONTENT AND FORM:**

Dated: July ___, 2016        METZ & HARRISON, LLP

By: _____
Jeff A. Harrison
Attorney for Plaintiff
CONNIE ARNOLD

Dated: ~~July~~ Aug 12, 2016        O'MELVENY & MYERS LLP

By: _____

- 9 -

STIPULATION FOR DISMISSAL OF ACTION WITH PREJUDICE AND [PROPOSED] ORDER RE: 3:15-CV-00137 MEJ

|   |   |
|---|---|
| 1 | Adam P. KohSweeney |
| 2 | Attorney for Defendants |
|   | HOTEL NIKKO OF SAN FRANCISCO, |
| 3 | INC.; HOTEL NIKKO (U.S.A.), INC.; and |
|   | DATAM S.F., LLC |
| 4 |   |

**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**. This Action is hereby dismissed with prejudice and the Clerk is directed to mark the matter closed.

Dated: __August 19__, 2016

_____
Honorable Maria Elena James
United States Magistrate Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Maria-Elena James]*